UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re:  Sandra Dixon-Ross,<br>             Debtor. | : <br> : <br> : <br> : | Civil Action No. 2:15-cv-581 <br><br> Bankruptcy No. 14-18608 |
| SANDRA DIXON-ROSS,<br>             Appellant,<br><br>     v.<br><br>CHARLES J. HARTWELL, et al.,<br>             Appellees. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |

**M E M O R A N D U M**
**(Affirming Final Order of the Bankruptcy Court of January 21, 2015)**

**Joseph F. Leeson, Jr.**                                                                                    **March 17, 2016**
**United States District Judge**

**I.      INTRODUCTION**

      A.      <u>The Appeal from a Final Order of the Bankruptcy Court</u>

This case pertains to an appeal to the United States District Court by the Debtor, Sandra Dixon-Ross ("Debtor"), in a Chapter 13 bankruptcy case from a final order of the United States Bankruptcy Court dated January 21, 2015.

      B.      <u>The Mortgage Foreclosure Action</u>

AmeriChoice Federal Credit Union ("AmeriChoice") filed a mortgage foreclosure action in the Court of Common Pleas of Montgomery County, docket no. 2012-cv-12383, on or about May 9, 2012.  AmeriChoice sought to foreclose on real estate owned by the Debtor and the Debtor's husband, Raymond Ross.  The subject real estate is located at 1721 Holmes Road,

1

Ambler, Montgomery County, Pennsylvania.  The Debtor and her husband defended the Court of Common Pleas mortgage foreclosure action.

    C.    <u>The Multiple Bankruptcy Petitions Filed by the Debtor, Sandra Dixon-Ross, and Her Husband, Raymond Ross</u>[1]

        (1)    <u>The First Bankruptcy Petition – Raymond Ross</u>

Raymond Ross initially filed a Chapter 13 bankruptcy petition (Case No. 13-19412) on October 29, 2013, one day before a Sheriff Sale scheduled in connection with the mortgage foreclosure action.  This Chapter 13 case was dismissed on motion of the Chapter 13 Trustee on April 23, 2014.

        (2)    <u>The Second Bankruptcy Petition – Raymond Ross</u>

Raymond Ross filed a second Chapter 13 bankruptcy petition (Case No. 14-16866) on August 27, 2014.  This was the same day on which the rescheduled Sheriff Sale was to be held.  Mr. Ross' second Chapter 13 bankruptcy case was dismissed on December 17, 2014, on motion of AmeriChoice.

        (3)    <u>The Third Bankruptcy Petition – Sandra Dixon-Ross</u>

The Debtor herein, Sandra Dixon-Ross, filed the within Chapter 13 bankruptcy petition (Case No. 14-18608) on October 29, 2014, immediately prior to the Sheriff Sale being conducted.  This case was dismissed by Order dated November 5, 2014, because the Court found that the Debtor failed to obtain pre-petition credit counseling.

    D.    <u>The AmeriChoice Motion to Reconsider the November 5, 2014 Order of Dismissal</u>

On December 23, 2014, AmeriChoice filed a motion to reconsider the order dismissing the Debtor's Chapter 13 bankruptcy case, and requested that the Court enter an amended order

---

[1] All the bankruptcy petitions discussed herein were filed in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

2

dismissing the case with prejudice to prevent the Debtor from filing a second bankruptcy petition for 180 days, or in the alternative, an order prohibiting the imposition of the Automatic Stay in any bankruptcy filing by the Debtor as to the claim of AmeriChoice.

The Debtor did not file a response to the AmeriChoice motion to reconsider and did not appear at the hearing held on the motion.

The hearing on the AmeriChoice motion to reconsider was held on January 21, 2015. On the same date, the bankruptcy court granted AmeriChoice's motion and entered an Amended Order Dismissing Case. The bankruptcy court amended its original order of November 5, 2014, dismissing the Debtor's case, ordering that the Debtor's case was dismissed with prejudice, ordering that the Debtor was enjoined from filing another bankruptcy for 180 days, and ordering that the Automatic Stay would not operate against actions to enforce the mortgage foreclosure judgment of AmeriChoice against the property at 1721 Holmes Road, Ambler, Montgomery County, Pennsylvania.

An appeal was filed by the Debtor from the bankruptcy court's January 21, 2015 Order. In the within appeal, the Debtor argues that the AmeriChoice motion to reconsider was untimely filed, having been filed with the Clerk of Court approximately forty-eight days after the entry of the original order on November 5, 2014, when there is a fourteen-day time limit to file such motions. Accordingly, the Debtor argues that the bankruptcy court lacked jurisdiction to grant the AmeriChoice motion to reconsider. The Debtor further asserts that the motion to reconsider had no colorable merit.

AmeriChoice has responded by arguing that the Debtor failed to file a response to its motion to reconsider and that the Debtor also failed to appear in opposition to the AmeriChoice motion to reconsider at the hearing on said motion. Accordingly, AmeriChoice argues that the

defense of untimeliness by the Debtor was forfeited due to the failure of the Debtor to assert that defense prior to the entry of the court's order on January 21, 2015.  Additionally, AmeriChoice asserts that the Debtor's bankruptcy petition was filed in bad faith.

II.     **ANALYSIS**

The questions presented in this appeal are whether the bankruptcy court erred, exceeded its jurisdiction, and/or abused its discretion when it granted the AmeriChoice motion to reconsider.

The AmeriChoice motion to reconsider was filed on December 23, 2014, forty-eight days after the November 5, 2014 order entered by the bankruptcy court dismissing the Debtor's Chapter 13 bankruptcy case.  The AmeriChoice motion to reconsider was untimely.  See Fed. R. Bankr. P. 9023 (requiring any motion for a new trial or to alter or amend a judgment be filed no later than fourteen days after entry of judgment).

No answer or objection was docketed with the bankruptcy court by the Debtor in response to the AmeriChoice motion to reconsider.  Additionally, the Debtor failed to appear at the hearing on the motion.

The defense of untimeliness of the AmeriChoice motion to reconsider was first raised after the bankruptcy court had already issued the January 21, 2015 amended order granting the AmeriChoice motion to reconsider.

A motion for reconsideration is made applicable to bankruptcy cases by Bankruptcy Rule 9023, see In re Deitch, 513 B.R. 878, 879 (Bankr. E.D. Pa. 2014), and is generally treated as a motion to amend or alter judgment under Federal Rule of Civil Procedure 59(e), see In re Taylor, 343 F. App'x 753, 755 (3d Cir. 2009).  See also In re Olick, No. 03-6723, 2005 U.S. Dist. LEXIS 1903, at *18-19 (E.D. Pa. Feb. 10, 2005) (explaining that the debtor's motion to alter or

amend under Bankruptcy Rule 9023 invoked Rule 59(e) of the Federal Rules of Civil Procedure).

Several years ago,[2] the Third Circuit Court of Appeals "recognized that, in the context of a Federal Rule of Civil Procedure 59(e) motion to alter or amend a judgment, the prescribed time limits are claims-processing rules, rather than jurisdictional rules."  Wiest v. Lynch, 710 F.3d 121, 127 (3d Cir. 2013) (citing Lizardo v. United States, 619 F.3d 273, 276-77 (3d Cir. 2010)).  Accordingly, "objections based on the timeliness requirement of that rule may be forfeited."  Lizardo, 619 F.3d at 276-77.  See also Eberhart v. United States, 546 U.S. 12, 19 (2005) (concluding, in regard to claim-processing rules, that if a party failed to raise a defense of untimeliness until after the court had reached a decision on the merits, that party forfeited that defense).

In this case, the Debtor failed to raise the defense of untimeliness until after the bankruptcy court had already reached the merits of the AmeriChoice motion to reconsider, and ruled thereon by entering the January 21, 2015 order.  Accordingly, since the defense of untimeliness was not timely raised, it has been forfeited.  The Debtor's appeal is therefore denied to the extent it is based on the untimeliness of AmeriChoice's motion to reconsider and on the jurisdiction of the bankruptcy court to entertain the motion.

Because Rule 59(e) is no longer treated as a jurisdictional rule, a "court's action on such a motion can, likewise, not be deemed a nullity."  Long , 670 F.3d at 446 n.19.  Consequently, an

---

[2]    Prior to 2010, the courts treated Rule 59(e) as a jurisdictional rule.  Compare De La Fuente v. Central Electric Cooperative, Inc., 703 F.2d 63, 65 (3d Cir. 1983) (explaining that the time to file a motion for a new trial under 59 is jurisdictional and cannot be extended in the discretion of the district court), with Long v. Atl. City Police Dep't, 670 F.3d 436, 446 n.19 (3d Cir. 2012) ("More recent authority, however, establishes that we 'can no longer treat Rule 59(e) as a jurisdictional rule, nor view ... [an] untimely motion for reconsideration as a nullity.'" (quoting Lizardo, 619 F.3d at 276-77)).  The Debtor's reliance on cases prior to 2010 for the position that the fourteen-day time limit is jurisdictional is therefore misplaced.

appellate court has "jurisdiction to review a timely appealed order disposing of an untimely motion for reconsideration." Id.

"A proper Rule 59(e) motion [] must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010); Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "Where the moving party argues that the court overlooked certain evidence or controlling decisions of law which were previously presented, a court should grant a motion for reconsideration only if the matters overlooked might reasonably have resulted in a different conclusion." Payne v. DeLuca, No. 2:02-cv-1927, 2006 U.S. Dist. LEXIS 89251, at *5 (W.D. Pa. Dec. 11, 2006). If the moving party asserts that the prior determination would work a manifest injustice, the party must persuade the court that "it was clearly wrong and that adherence to that decision would create manifest injustice." Afr. v. City of Phila. (in Re Phila. Litigation), 158 F.3d 711, 720 (3d Cir. 1998).

In its motion to reconsider filed with the bankruptcy court, AmeriChoice argued that the Debtor's Chapter 13 petition should have been dismissed with prejudice because it was filed in bad faith to prevent a Sheriff Sale from occurring and she had no reorganizational purpose. The motion to reconsider summarized the history of the state court litigation, including the court's denial of all the Debtor's preliminary objections, the denial of her motion for recusal of the judge, her improper removal of the case to federal court, the denial of the Debtor's post-judgment motions and appeals, and the motions to stay the Sheriff Sale, all of which delayed the action for almost a year and a half. AmeriChoice then outlined the numerous bankruptcy petitions filed by the Debtor and her husband, each of which was filed the day before or the day

of a scheduled Sheriff Sale and had the effect of staying the Sheriff Sale before eventually being dismissed.

The AmeriChoice motion to reconsider discussed the relevant law in a bad faith inquiry and applied the factors to the Debtor's case, arguing that the timing of the Debtor's bankruptcy filing, along with that of her husband, raised "the fairly obvious implication that she filed the Chapter 13 case merely as a tactic to prevent the sheriff sale" and pointing to facts to support the conclusion that "each Chapter 13 case clearly has no reorganizational purpose and amounts to nothing more than the Debtors' attempts to circumvent the foreclosure action pending in the State Court."

Upon review, the Court finds that the bankruptcy judge did not abuse his discretion in granting the motion to reconsider. See Bierbach v. Wagner, No. 1:07-CV-0072, 2007 U.S. Dist. LEXIS 25107, at *5 (M.D. Pa. Apr. 4, 2007) (explaining that the "district court should overrule issues committed to the discretion of the bankruptcy judge only if a manifest abuse of that discretion is apparent"). Consequently, the Debtor's appeal is also dismissed to the extent it challenges the merits of the bankruptcy court's decision.

## IV. CONCLUSION

For the reasons set forth hereinabove, the Court affirms the bankruptcy court's order of January 21, 2015, in all respects. An appropriate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*  
JOSEPH F. LEESON, JR.  
United States District Judge